**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

PIVOTAL PAYMENTS DIRECT CORP., )
                              )
            Plaintiff, )
                              )
         v. )      C.A. No. N15C-02-059 EMD CCLD
                              )
PLANET PAYMENT, INC., )
                              )
           Defendant. )
                              )
                              )

Submitted: January 14, 2021
Decided: January 19, 2021

**ORDER REFUSING TO CERTIFY PLAINTIFF'S APPLICATION
FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

This 19th day of January, 2021, upon consideration of Plaintiff's Application for

Certification of an Interlocutory Appeal (the "Application")[1] filed by Plaintiff Pivotal Payments

Direct Corp. ("Pivotal") on January 4, 2021;[2] Defendant's Opposition to Plaintiff's Application

for Certification of an Interlocutory Appeal (the "Response") filed by Defendant Planet Payment,

Inc. ("Planet") filed on January 14, 2021;[3] the Court's Opinion[4] dated November 30, 2021 (the

"Opinion");[5] Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

**INTRODUCTION**

1.      This civil action involves breach of contract and fraudulent inducement claims

brought by Pivotal against Planet. Pivotal alleges that Planet fraudulently induced Pivotal into

entering the Multi-Currency Processing Agreement ("MCPA") and, then, subsequently breached

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Opinion.
[2] D.I. No. 212.
[3] D.I. No. ___.
[4] D.I. No. 206.
[5] *Pivotal Payments Direct Corp. v. Planet Payment, Inc.,* 2020 WL 7028597 (Del. Super. Nov. 30, 2020).

the MCPA by failing to perform. Pivotal claims that Planet knew at all times that it could not provide the services required under the MCPA.

2. Pivotal filed its Complaint against Planet on February 6, 2015.[6] Planet filed a motion to dismiss on March 17, 2015.[7] Pivotal filed an Amended Complaint on April 14, 2015.[8] The Amended Complaint consists of 27 Counts—Counts 1-24 seek recovery for fraudulent inducement (the "Fraudulent Inducement Claims") and Counts 25-27 seek recovery for the breach of the MCPA (the "Breach of Contract Claims").

3. Planet filed a motion to dismiss the Amended Complaint on May 5, 2015.[9] The Court ruled on several issues and denied the motion to dismiss.[10] First, the Court ruled Delaware's three-year statute of limitations for all counts applied.[11] Second, the Court found that there were questions of fact as to when Counts 26 and 27 accrued.[12] Finally, the Court held that New York substantive law applied to Pivotal's fraudulent inducement claim.[13] No party moved for reconsideration of the Court's decision on the motion to dismiss or made an application for interlocutory appeal.

4. Planet filed an answer and counterclaim against Pivotal on February 3, 2016.[14] Pivotal answered Planet's counterclaim on February 23, 2016.[15]

5. Pivotal is a Canadian company offering credit and debit card payment processing services to merchants throughout Canada. [16] Planet is a Delaware corporation with its principal

---

[6] D.I. No. 1
[7] D.I. No. 14
[8] D.I. No. 20.
[9] D.I. No 23.
[10] *See Pivotal Payments Direct Corp.*, 2015 WL 11120934, at *3-*5, *10 (Del. Super. Dec. 29, 2015).
[11] *Id.* at *3.
[12] *Id.* at *4.
[13] *Id.* at *5.
[14] D.I. No. 49.
[15] D.I. No. 51.
[16] *Pivotal Payments Direct Corp.*, 2020 WL 7028597, at *1.

place of business located in Long Beach, New York.[17]  Planet provides international payment processing and multi-currency processing services to merchant service providers, such as Pivotal.[18]

6.      In September 2009, Tangarine Payment Solutions, Corp., Pivotal's predecessor, and Planet entered into negotiations regarding credit card processing services.[19]  Planet provided a "Global Multi-Currency Processing Capabilities" document to Pivotal on or about August 23, 2009.[20]  Pivotal alleges that Planet made material misrepresentations about Planet's available services and capabilities in this document.[21]

7.      On or around April 7, 2010, Pivotal and Planet entered the MCPA.[22]  The MCPA is a multi-part agreement with several separate schedules and exhibits incorporated by reference. The MCPA contains a choice of law provision:

(a) Governing Law. This Agreement shall be construed in accordance with the laws of the State of New York, without regards to the conflict of laws provisions thereof. Each party hereby submits to the exclusive jurisdiction of and consents to suit in the courts, Federal and State, located in the State of Delaware.[23]

Under Schedule 3 ¶ 8(a) of the MCPA, the parties agreed that New York law governed the agreement and that Delaware courts would have exclusive jurisdiction.  Planet's executives involved with business development and marketing worked out of Planet's Long Beach, New York office.[24]

---

[17] *Id*.
[18] *Id.*
[19] *Id*.
[20] *Id.*
[21] *Id*.
[22] *Id.*
[23] *Id.*
[24] *Id.*, at *2.

3

8.      Pivotal alleges that during negotiations Planet held out that it was able to provide specific services and products, including three-tier billing, dynamic currency conversion, accounting and reporting services, effective risk monitoring, reliable point-of-sale terminal hardware, and debit transaction services.[25]  Pivotal alleges that Planet could not deliver the promised services and products.[26]  Pivotal's CEO, Philip Fayer, testified that by June 2010, Pivotal concluded that they "were lied to, misrepresented, recklessly and selfishly induced into entering an agreement where [Planet] couldn't fulfil on their end of the bargain."[27]

9.      Pivotal learned between October 2010 and August 2012 that "Planet's capabilities were not as represented" with respect to various aspects of its promised services.[28]  Pivotal claims that it "reasonably relied" on Planet's assurances that problems with the services would be fixed.[29]  Planet denies the allegations or admits only that there were occasional service interruptions.[30]

10.     Despite Pivotal's issues with Planet's services, the relationship proved to be profitable.[31]  Pivotal engaged The Strawhecker Group ("TSG") to calculate damage incurred by deficiencies with Planet's services.[32]  TSG produced a report (the "TSG Report") summarizing net profit loss caused by Planet's deficient services.[33]

11.     Planet moved (the "SJ Motion") for partial summary judgment on Counts 1-24 and Counts 26-27 on March 6, 2020.[34]  Pivotal opposed the SJ Motion.  The Court held a hearing

---

[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] D.I. No. 134.

on the SJ Motion on September 23, 2020.[35] At the conclusion of the hearing, the Court took the matter under advisement. On November 30, 2020, the Court issued the Opinion. The Court granted the SJ Motion as to Counts 1-24[36] and denied the SJ Motion as to Counts 26-27.[37]

12. The Court granted the SJ Motion as to the Fraudulent Inducement Claims. The Court held that summary judgment was proper for two separate reasons: (i) the Fraudulent Inducement Claims are time-barred; and (ii) Pivotal is not entitled to damages on the Fraudulent Inducement Claims under controlling New York law. The Court denied summary judgment on the two Breach of Contract Claims. The Court found that there were genuine issue of fact outstanding on the issue of "reasonable time to perform."[38]

13. Pivotal has now applied, under Rule 42, for certification of Pivotal's interlocutory appeal of the Opinion. Pivotal argues that the Court should not have applied New York law to the Fraudulent Inducement Claims. Moreover, Pivotal contends that the Fraudulent Inducement Claims were timely under certain tolling/estoppel theories or that a genuine issue of material fact exists on whether Pivotal was on inquiry notice in 2010. The Moving Insurers contend that the Application meets the criteria listed in Rules 42(b)(i)[39] and 42(b)(iii)(B) and (H).[40] Planet opposes certification, arguing that the Opinion does not decide a substantial issue of material importance[41] and satisfies none of the Rule 42(b)(iii) factors.[42]

---

[35] D.I. No. 194.
[36] *Pivotal Payments Direct Corp.*, 2020 WL 7028597, at *4-9.
[37] *Id*. at *9.
[38] Id. at *9.
[39] App. at 2-3.
[40] *Id*. at 3-5.
[41] Res. at 4-7.
[42] *Id*. at 7-15.

**APPLICABLE STANDARD**

14.     Rule 42(b) dictates the standard for certifying an interlocutory appeal. "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[43] In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[44] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[45] "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[46]

**DISCUSSION**

15.     Initially, the Court must determine if the Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[47] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[48] Without citing to any authority, Pivotal contends that the Opinion decided

---

[43] Del. Supr. Ct. R. 42(b)(i).
[44] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:
    (A) The interlocutory order involves a question of law resolved for the first time in this State;
    (B) The decisions of the trial courts are conflicting upon the question of law;
    (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
    (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
    (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
    (F) The interlocutory order has vacated or opened a judgment of the trial court;
    (G) Review of the interlocutory order may terminate the litigation; or
    (H) Review of the interlocutory order may serve considerations of justice. *See* Del. Supr. Ct. R. 42(b)(iii).
[45] *Id.*
[46] *Id.*
[47] Del. Supr. Ct. R. 42(b)(i).
[48] *Id.*

several "substantial issues" because the Court granted summary judgment against Pivotal on the Fraudulent Inducement Claims.[49] The Court does not conclude that the Opinion is of a nature warranting interlocutory review. The Opinion, however, did grant judgment in favor of Planet on the Fraudulent Inducement Claims. As such, Pivotal will not proceed at trial on these claims. The Court finds, at the very least, this means a legal right has been established by the Opinion and will therefore address the Application's Rule 42(b)(iii) arguments.[50]

16.    The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [the Court] should identify whether and why the likely benefits ... outweigh the probable costs, such that interlocutory review is in the interests of justice."[51] Pivotal maintains that the Application meets the criteria set forth in Rules 42(b)(iii)(B) and (H).

17.    On Rule 42(b)(iii)(B), Pivotal contends that the Opinion conflicts with other trial court decisions on "…when a contract provides that it is to be interpreted under New York law, should it be interpreted under New York law?"[52] Pivotal misunderstands the Opinion. The Opinion held that whether New York law governed was the law of the case. The Court determined that New York law applied at the earlier motion to dismiss. Under the law of the case doctrine, prior legal rulings based on a constant set of facts should be reconsidered only if

---

[49] App. at 3-4.

[50] *Cf. Laventhol, Krekstein, Horwath and Horwath v. Tuckman,* 372 A.2d 168, 171 (Del.1976) (legal right at issue when order enlarged an exception to generally followed rule in determining whether to apply a statute of limitations, and ruling obliged the appealing defendants to go to trial on the complaint); *Price v. Wilmington Trust Co.,* 1996 WL 560177, at *2 (Del.Ch. Sept.3, 1996) (timeliness of the claim implicated both substantial issue and right not to be put to the expense of trial); *Cochran v. Stifel Financial Corp.,* 2000 WL 376269 (Del.Ch. Apr.6, 2000) (denial of a motion to dismiss on statute of limitations grounds determines a substantial issue and establishes a legal right); *but see Scharf v. Edgcomb Corp.,* Del. Ch., C.A. No. 15224, Mem. Op., 1997 Del. Ch. Lexis 169, 1997 WL 762656 Steele, V.C. (Dec. 2, 1997), *appeal denied,* Del. Supr ., No. 1, 1998, 705 A.2d 243, 1998 Del. Lexis 9, 705 A.2d 243 (Jan. 14, 1998) (unpublished order) (court's ruling that a specific affirmative defense was not available, did not establish a legal right between the parties and, therefore, was not appropriate for interlocutory review).

[51] Del. Supr. Ct. R. 42(b)(iii).

[52] App. at 3-4.

they are "clearly wrong, produce an injustice or should be revisited because of changed circumstances."[53]  The Court's analysis that, under *Abry Partners V, L.P. v. F&W Acquisition LLC*[54], it would honor the choice of law provision supports the Court's finding that its earlier ruling was not clearly wrong.

18.     The Opinion does not conflict with the Delaware cases to which the Application cites. These cases follow the same approach and come to the same conclusion as the Opinion— look to the agreement's choice of law provision and find it applicable if the chosen jurisdiction has a material relationship to the contract.  *Abry Partners* is the lead case on this issue and the one used in the Opinion.[55]  No Delaware decision repudiates *Abry Partners*.   Pivotal is actually arguing that the Court misinterpreted the facts of this case, not that the Court disregarded other Delaware decisions on the question of law.

19.     The Court does not agree that the Opinion creates a split of authority among the trial courts in Delaware.  The Court did not reject or fail to acknowledge existing law.  Instead, The Court looked to the MCPA, the factual record, the law in Delaware and ruled on the SJ Motion.  The Opinion is based on existing Delaware precedents established concerning choice of law provisions in agreements and tort claims.  If the Court is wrong, that issue can be appealed after a trial on the remaining causes of action.

20.     Pivotal also did not move for reargument or otherwise object when the Court rendered its earlier decision on choice of law.  In fact, Pivotal had argued that New York law applied at the motion to dismiss stage.  Now, however, Pivotal takes the position that New York law does not govern the Fraudulent Inducement Claims.   Pivotal seemingly complains at this

---

[53] *Hudak v. Procek*, 806 A.2d 140, 154 (Del. 2002).
[54] 891 A.2d 1032 (Del Ch. 2006).
[55] *Abry Partners* is also the case relied upon by Chancellor Bouchard in *Std. Gen. L.P. v. Charney*, 2017 WL 6498063 (Del. Ch. 2017).

8

point because the Court ruled in Planet's favor on summary judgment. This case is on the eve of trial. The Court will preside over the trial and an orderly appeal will ensue. The Court sees no reason to certify an interlocutory appeal on an issue that had been previously addressed in 2015.[56]

21. On Rule 42(b)(iii)(H), Pivotal contends numerous considerations of justice support certification. Pivotal then restates its New York law argument in various ways and that Court's ruling on inquiry notice because genuine issues of material fact exist. The Court finds that, essentially, Pivotal's argument is that if the Court enters summary judgment on claims and may be reversed on appeal the matter warrants an interlocutory appeal in the interests of justice.

22. The Court should find that review of an interlocutory order serves considerations of justice under Rule 42(b)(iii)(H) when the party applying for interlocutory review is in peril of irreparable harm and the other party is not.[57] A court should not certify an interlocutory appeal on a legal issue if there is "no particular urgency to litigating the issue before a final judgment" is entered, even if the issue is novel.[58] For example, such urgency exists if denying an injunction would effectively terminate a parties' rights under an agreement or create hardship to a party outside its control.[59] Pivotal's argument that New York law does not apply to the Fraudulent Inducement Claims does not require urgent litigation, especially considering that the Court previously addressed this issue in 2015. Pivotal will face no additional hardship if it must wait for final judgment to appeal.

---

[56] *See Pivotal Payments Direct Corp.*, 2015 WL 11120934, at *5.
[57] *See DG BF LLC v. Ray*, 2020 WL 4720685, at *2 (Del. Aug. 13, 2020) (Affirming Court of Chancery's finding that considerations of justice did not support certification when one party would face irreparable harm from denying certification and one party would face irreparable harm from approving certification).
[58] *In re: Shawe & Elting LLC*, 2016 WL 279400, at **1 (Del. Jan. 22, 2016).
[59] *See Tracker Marine, L.L.C. v. Pena*, 2017 WL 3124440, at *1 (Del. Jul. 24, 2017)

23.     Pivotal argues that review of the Opinion may serve considerations of justice and outweigh probable costs.  The Court does not believe that certification would promote the most efficient and just schedule to resolve this case.  "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[60]  This case is not exceptional nor does it involve a substantial issue of material importance.

24.     For the reasons set forth above, the Court does not believe that the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.  The Opinion handles a number of claims but if overturned would not terminate this litigation.  The only question is how many claims would go forward at trial—just the Breach of Contract Claims or both the Breach of Contract Claims and the Fraudulent Inducement Claims.

25.     "If the balance [of these considerations] is uncertain, the [Court] should refuse to certify the interlocutory appeal."[61]  Accordingly, the Court finds that Pivotal has not met Rule 42's strict standards for certification.

**CONCLUSION**

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 is **REFUSED.**

Dated:  January 19, 2021
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServXpress

---

[60] Del. Supr. Ct. R. 42(b)(ii).
[61] Del. Supr. Ct. R. 42(b)(iii).